JENNER & BLOCK LLP
JULIE SHEPARD (SBN 175539)
JShepard@jenner.com
LAUREN GREENE (SBN 271397)
LGreene@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

JENNER & BLOCK LLP
WADE THOMSON (*pro hac vice to be filed*)
WThomson@jenner.com
BENJAMIN BRADFORD (*adimtted pro hac vice*)
BBradford@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

Attorneys for Defendant
ALIGHT SOLUTIONS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CA, INC. d/b/a CA TECHNOLOGIES (A BROADCOM COMPANY), a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALIGHT SOLUTIONS LLC, an Illinois Limited Liability Company,<br><br>Defendant. | Case No. 8:21-cv-01841-FLA(ASx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. PRO. 12(e); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: March 18, 2022<br>Time: 1:30 p.m.<br>Ctrm: 6B<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Complaint Filed: November 3, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 18, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard, Alight Solutions LLC ("Alight") will, and hereby does, move the Court for an order dismissing Plaintiff CA, Inc.'s ("CA") first claim for relief as stated in its First Amended Complaint (Dkt. No. 31) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  In the alternative, Alight moves for an order requiring CA to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Alight's Motion is based on the grounds that CA's first claim for relief fails to state a claim against Alight and does not contain "sufficient factual matter," even if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  It is also based on the grounds that CA's first claim for relief for copyright infringement is so vague and ambiguous as to the software CA alleges Alight has infringed that Alight cannot reasonably be required to frame a responsive pleading.

Alight's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any additional briefing on this subject and the evidence and arguments presented to the Court at the hearing on this matter.

This Motion is made following the conferences of counsel pursuant to Local Rule 7-3, which took place on January 4 and 19, 2022.

Dated:  January 25, 2022          JENNER & BLOCK LLP


By:  */s/ Julie Shepard*
    Julie Shepard
    Lauren Greene
    Wade Thomson
    Benjamin Bradford

    Attorneys for Defendant
    ALIGHT SOLUTIONS LLC

# <u>Table of Contents</u>

I.      INTRODUCTION ................................................................................1

II.     SUMMARY OF ALLEGATIONS...................................................2

III.    LEGAL STANDARD .........................................................................3

IV.     ARGUMENT.......................................................................................5

        A.      CA's Copyright Claim Should Be Dismissed As CA Has Failed to Identify Sufficiently The Software Subject To The Claim ........................................................................................5

        B.      Alternatively, CA Should Be Required To Provide A More Definite Statement Under Rule 12(e)......................................7

V.      CONCLUSION...................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................1, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................3, 4

*Bespaq Corp. v. Haoshen Trading Co.*,
   No. C 04-3698 PJH, 2005 WL 14841 (N.D. Cal. Jan. 3, 2005) ...........7

*CA, Inc. v. Alight Solutions LLC*,
   No. 2:21-cv-08531 (C.D. Cal.) .............................................................1

*Casault v. Fed. Nat. Mortg. Ass'n*,
   915 F. Supp. 2d 1113 (C.D. Cal. 2012), *aff'd sub nom. Casault v.*
   *One W. Bank FSB*, 658 F. App'x 872 (9th Cir. 2016)...................2, 3, 4

*Chestang v. Yahoo*,
   No. 11-CV-00989, 2012 WL 3915957 (E.D. Cal. Sept. 7, 2012) ........5

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019)........................................................................5, 7

*Lafarga v. Lowrider Arte Mag.*,
   No. SACV111501DOCMLGX, 2014 WL 12573551 (C.D. Cal.
   July 18, 2014)........................................................................................5

*Livingston v. Morgan*,
   No. C-06-2389 MMC, 2006 WL 8459602 (N.D. Cal. July 31,
   2006) .....................................................................................................5

*Lucky Leather, Inc. v. Mitsui Sumitomo Ins. Grp.*,
   No. CV1209510MMMPLAX, 2013 WL 12139116 (C.D. Cal. Feb.
   26, 2013) ...............................................................................................4

*Patel Burica & Assocs., Inc. v. Lin*,
   No. 819CV01833CASADSX, 2019 WL 6954256 (C.D. Cal. Dec.
   19, 2019) ...............................................................................................5

ii

*Proline Concrete Tools, Inc. v. Dennis,*
    No. 07CV2310-LAB (AJB), 2008 WL 11286077 (S.D. Cal. Aug.
    18, 2008) ...................................................................................................7

*Salt Optics, Inc. v. Jand, Inc.,*
    No. SACV 10-0828..................................................................................5

*United States v. Ritchie,*
    342 F.3d 903 (9th Cir. 2003) ..................................................................4

**Court Rules**

Federal Rule of Civil Procedure 8(a)(2) .....................................................5

Federal Rule of Civil Procedure 12(b)(6) ...............................................1, 4

Federal Rule of Civil Procedure 12(e) ....................................................1, 7

## I.       INTRODUCTION

This lawsuit is a part of Plaintiff CA, Inc.'s ("CA") transparent effort to manufacture negotiating leverage against Alight Solutions LLC ("Alight") for a software license.  Alight licensed software from CA for over 20 years without issue. In June 2021, Alight allowed its license to CA's Repository software to expire believing it no longer used the software.  Shortly thereafter, Alight discovered a continuing need for Repository and offered to pay, and in fact did pay, CA the exact licensing fee that CA had requested just months before, an amount consistent with CA's historical license and support fees.  Rather than act in good faith, CA refused Alight's offer and returned Alight's payment.[1]  CA instead attempted to terminate Alight's perpetual license to CA's Endevor software and demanded that Alight make a multi-million-dollar penalty payment and renew its license for a three year term at more than 20 times CA's prior offer.

When Alight refused CA's extortionate license demand, CA rushed to the courthouse to file a lawsuit, but in doing so, knowingly filed a defective copyright claim in an inappropriate venue.  In an attempt to cure the copyright defects, CA then dismissed that initial case and filed a new lawsuit in this same inconvenient venue.  CA's initial lawsuit, *CA, Inc. v. Alight Solutions LLC*, No. 2:21-cv-08531 (C.D. Cal.), asserted copyright claims over its software, even though it did not have registered copyrights on that software.  It is well established that such claims cannot stand and must be dismissed.  CA's previous complaints also included other defective claims (replevin and declaratory judgment) that CA abandoned after a meet and confer with Alight.  *See CA, Inc. d/b/a/ CA Technologies (A Broadcom Company) v. Alight Solutions LLC*, No. 2:21-cv-08531 (C.D. Cal.) at Dkt. No. 1.

CA now has alleged additional copyright registrations, but it continues to evade the requirements of a properly pleaded copyright claim.  Specifically, CA's

---

[1] A full summary of CA's conduct is set forth in Alight's motion to transfer and accompanying filings.  *See* Dkt. Nos. 36-37.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(B)(6), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. PRO. 12(E)

complaint does not identify the specific software that allegedly infringes its copyrights beyond a vague allegation to a 2019 order form (which it does not attach), and it does not identify which copyrights allegedly apply to each piece of software (if any).  Without a cure for these deficiencies, Alight does not have sufficient notice of CA's allegations required to properly defend against them.

As part of the meet and confer process, CA stated that it will provide the requested information during the discovery process.  Alight, however, should not be forced to defend against claims which CA apparently cannot properly delineate by registration in its pleadings and await discovery.  Indeed, if CA has the correct registrations, then there is no reason to withhold the requested information at this stage other than gamesmanship.  Alternatively, if CA lacks that information or cannot meet the pleading requirements, then CA's copyright claim should not stand.

For these reasons, as further detailed below, Alight requests that this Court dismiss CA's copyright claim or, alternatively, require CA to amend its claim to provide a more definitive statement.[2]

## II.   SUMMARY OF ALLEGATIONS

CA is a software company that designs products for use in a variety of industries, including mainframe computing software.  First Amended Complaint ("FAC") ¶ 10.)  CA licenses its software to its various customers and monetizes its software through licensing and software maintenance.  (*Id.* ¶¶ 12, 30.)

Alight has been one of CA's customers for a number of years.  According to the FAC, in 2005, CA and Aon Service Corporation ("Aon"), a former corporate affiliate of Alight, entered into a license service agreement that permitted Aon to use CA's software ("2005 Agreement").  (*Id.* ¶ 13.)[3]  On March 31, 2018, CA, Aon, and

---

[2]  Alight has filed a Motion to Transfer the Action to the Northern District of Illinois. (Dkt. No. 36).

[3]  Alight's licenses for CA's software pre-date 2005.  However, for purposes of this Motion, Alight takes CA's allegations as pled, as it must, and without admission as

Alight entered into an addendum, which, among other things, assigned Aon's rights under the 2005 Agreement to Alight ("2018 Addendum").  (*Id*. ¶ 18).

On June 30, 2019, Alight submitted an order form renewing the use and maintenance of certain CA software and products (the "2019 Order Form").  (*Id*. ¶ 20; Dkt. No. 37-28 (Declaration of Randal Sokol In Support Of Defendant Alight Solutions LLC's Motion To Transfer The Action To The Northern District Of Illinois, Exhibit 28).)  CA accepted this order form, which provided that Alight has a perpetual license to use Endevor and a license to use certain other CA software including Repository through June 29, 2021. (Dkt. No. 37-28; FAC ¶ 20.)[4]  Notably, despite the fact that the 2019 Order Form sets forth the terms of Alight's license of CA's software, CA did not attach the 2019 Order Form to its FAC.  This is a significant omission because the 2019 Order Form makes it clear that Alight had a *perpetual* license to the Endevor software and also contains a list of the licensed software.[5]  (Dkt. No. 37-28).

In Schedule A to its FAC, CA provides a list of copyrights that are allegedly infringed by Alight, but CA fails to connect those copyrights to specific pieces of software allegedly used by Alight.  (FAC ¶ 30, Schedule A.)

## III.   **LEGAL STANDARD**

"[A] complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief."  *Casault*,

---

to their veracity.  *See Casault v. Fed. Nat. Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1119–20 (C.D. Cal. 2012), *aff'd sub nom. Casault v. One W. Bank FSB*, 658 F. App'x 872 (9th Cir. 2016).

[4] There are thirteen pieces of software listed in the 2019 Order Form, five pieces of software with the name Endevor included in their titles and one piece of software with the name Repository included in its title.  (Dkt. No. 37-28.)  The 2019 Order Form grants Alight perpetual licenses to eight out of the thirteen pieces of software listed, including all of the Endevor software.  (*Id.*)

[5] While not addressed in this Motion, Alight's perpetual license to the Endevor software dooms CA's infringement claim regarding that software.

3

915 F. Supp. 2d at 1119.  Thus, to avoid dismissal, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A complaint must set forth sufficiently detailed, credible factual allegations, which are able to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A court will not accept bald assertions, untenable inferences, or unsupported legal conclusions disguised as factual allegations.  *See id.* at 555–56. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Further, although ordinarily a Rule 12(b)(6) motion is limited to the contents of the complaint, "[u]nder the incorporation by reference doctrine, the court may also consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Casault*, 915 F. Supp. 2d at 1120 (citing *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002)); *see United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) (explaining that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").  Therefore, the incorporation by reference doctrine allows this Court to consider the 2019 Order Form (Dkt. No. 37-28) which forms the basis of CA's claims.  *See Lucky Leather, Inc. v. Mitsui Sumitomo Ins. Grp.*, No. CV1209510MMMPLAX, 2013 WL 12139116, at *1 (C.D. Cal. Feb. 26, 2013) (considering contract on motion to dismiss that was not attached to complaint

1   because it was "repeatedly reference[d]" in the complaint and "[plaintiff's] two

2   claims [we]re based entirely on the contract").

3          Under this framework, it is clear that CA's claim for copyright infringement

4   should be dismissed.

5   **IV.   <u>ARGUMENT</u>**

     **A.   CA's Copyright Claim Should Be Dismissed As CA Has Failed to**
6          **Identify Sufficiently The Software Subject To The Claim**

7          Registration is a prerequisite for a suit for copyright infringement, meaning

8   CA cannot maintain a claim based on software it has not registered.  *See Fourth*

9   *Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886–87 (2019).

10  Correspondingly, in the Ninth Circuit, under Rule 8(a)(2), when alleging copyright

11  infringement, a plaintiff must "identify the particular work that is the subject of the

12  copyright claim."  *Lafarga v. Lowrider Arte Mag.*, No. SACV111501DOCMLGX,

13  2014 WL 12573551, at *3 (C.D. Cal. July 18, 2014).  And the "plaintiff must at least

14  allege facts that allow a defendant to 'identify which specific [works] they are

15  alleged to have impermissibly copied.'"  *Patel Burica & Assocs., Inc. v. Lin*, No.

16  819CV01833CASADSX, 2019 WL 6954256, at *3 (C.D. Cal. Dec. 19, 2019)

17  (quoting *Boost Beauty, LLC. v. Woo Signatures, LLC*, No. 18-CV-02960-CAS-E,

18  2018 WL 6219895, at *4 (C.D. Cal. July 23, 2018)).

19         Courts regularly dismiss complaints which fail to properly identify the

20  copyrighted work at issue.  *See, e.g., Livingston v. Morgan*, No. C-06-2389 MMC,

21  2006 WL 8459602, at *3 (N.D. Cal. July 31, 2006) (dismissing for failure to specify

22  copyright infringed where complaint alleged that there were fifty-eight copyrighted

23  photographs at issue and that defendants had copied "at least one" photograph); *Salt*

24  *Optics, Inc. v. Jand, Inc.*, No. SACV 10-0828 DOC (RNBx), 2010 WL 4961702, at

25  *6 (C.D. Cal. Nov. 19, 2010) (dismissing a complaint were the "Plaintiff ma[de] no

26  attempt to identify which portions of the website or catalog it accuse[d] Defendants

27  of infringing"); *Chestang v. Yahoo*, No. 11-CV-00989, 2012 WL 3915957, at *5

28

5

(E.D. Cal. Sept. 7, 2012) (granting the defendant's motion to dismiss where the plaintiff did not clearly describe what the "Luminous Lyrics" copyright referred to or what in the defendant's ringtones infringed on this copyright).

Here, CA alleges only that it "registered the software programs licensed to Alight under the 2019 Order Form with the Federal Register of Copyrights, as listed in Schedule A of the Complaint."  (FAC ¶ 30.)  Despite relying on the 2019 Order Form for its identification of the allegedly infringing software programs, CA fails to attach that form, thus failing in the FAC to provide notice as to CA's software at issue.

Further, even if the 2019 Order Form were to be considered, CA's Schedule A fails to meet the law in this Circuit requiring identification of the infringing software and the correspondent registrations.  There are thirteen software programs listed on the 2019 Order Form yet only nine registrations listed on Schedule A to the FAC.  (FAC at Schedule A.)  This indicates that not all of the software programs listed on the 2019 Order Form are registered.  Indeed, the names on the copyright registrations do not match the names of the software Alight licensed from CA under the 2019 Order Form.  For example, the 2019 Order Form includes programs such as "CA 1 Tape Management MIPS" (Dkt. No. 37-28) yet Schedule A does not appear to have any copyright registrations with regard to that software.  (FAC at Schedule A).

Moreover, while most of the registrations on Schedule A appear to relate to the Endevor software because they reference "Endevor" in the title, the 2019 Order Form contains five different software packages that all include "Endevor" in their name and *none* of the names are the same on the 2019 Order Form and Schedule A. Similarly, three of the registrations on Schedule A reference the word "Repository" in the title, yet only one piece of software on the 2019 Order Form includes the word "Repository" in its name.  As a result, the FAC provides insufficient notice to Alight

as to which CA copyright registration, if any, purportedly applies to the software allegedly infringed.

Put differently, it is not clear from the face of the FAC that CA has registered the software identified in the 2019 Order Form and which of the listed registered works Alight has supposedly infringed.  This is a threshold issue because, as noted above, registration is a prerequisite to suing for copyright infringement.  *See Fourth Estate Pub. Benefit Corp.*, 139 S. Ct. at 886–87.  As a result of these pleading infirmities, CA's copyright claim in its entirety should be dismissed.

### B.   Alternatively, CA Should Be Required To Provide A More Definite Statement Under Rule 12(e)

In the alternative, Alight seeks a more definitive statement with respect to the works CA seeks to claim were infringed which are not subject to a perpetual license pursuant to Federal Rule of Civil Procedure 12(e).  Under Rule 12(e), a party may move for a more definite statement if the pleading to which the party must respond "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Again, the list of copyright registrations does not match the list of software licensed under the 2019 Order Form.  This is vague and ambiguous warranting a more definite statement.  *See Proline Concrete Tools, Inc. v. Dennis*, No. 07CV2310-LAB (AJB), 2008 WL 11286077, at *3 (S.D. Cal. Aug. 18, 2008) (complaint was vague and ambiguous under Rule 12(e) because it did not provide any actual description of its copyrights).  Alight simply cannot properly respond to the FAC without a more definite statement.  Therefore, should the Court decide not to dismiss CA's copyright infringement claim, an order requiring CA to provide a statement tying its registrations to the software allegedly being used by Alight should be issued.  *Bespaq Corp. v. Haoshen Trading Co.*, No. C 04-3698 PJH, 2005 WL 14841, at *2 (N.D. Cal. Jan. 3, 2005) (granting Rule 12(e) motion where the complaint "does not identify which preexisting works in the registered catalog have been infringed by the defendants").

## V.    CONCLUSION

For the foregoing reasons, Alight respectfully requests that this Court grant its Motion and dismiss CA's first claim for relief.

Dated:  January 25, 2022                      JENNER & BLOCK LLP


                                              By: */s/ Julie Shepard*
                                                   Julie Shepard
                                                   Lauren Greene
                                                   Wade Thomson
                                                   Benjamin Bradford

                                                   Attorneys for Defendant
                                                   ALIGHT SOLUTIONS LLC